## The accounting in ELIZABETH SOMMERVILLE's Estate.

A. RECOVERED a judgment against an estate which the Surrogate ordered paid by the administrator. But the Legislature stepped in and ordered the Comptroller of the city to pay it. The Comptroller paid A.'s attorneys of record. A. now petitions the Surrogate for payment to her.—Held, that A.'s only remedy was in a Court of Law.

THE SURROGATE. The accounts of the public administrator, as administrator of the goods of this intestate, were settled by the Surrogate; and, among others, Ann R. Mayell, a judgment creditor, was ordered to be paid $1,556.41 in satisfaction of her claim.

The late public administrator defaulted and absconded, and the sum of $16,000, belonging to this estate, was lost, with moneys belonging to other estates. An act of the Legislature was passed in 1866, providing for making good the amounts lost by this defalcation, and directing that such amounts be paid by the late Comptroller out of the city moneys. The present public administrator thereupon made up a list of unpaid creditors of estates, which he furnished the late Comptroller. Among these was Mrs. Mayell. The late Comptroller paid Beebe, Dean and Donohue, Esquires, the attorneys of record of Mrs. Mayell, the amount awarded by the Surrogate as due to her, and took their acquittal for the judgment. Mrs. Mayell now petitions the Surrogate, asking for the payment of the money to her.

Upon an order to show cause, the public administrator shows that he did not have the paying of this sum, which duty the law of 1866 imposed upon the late Comptroller. The late Comptroller shows, on a similar order, that he paid the petitioner's attorneys of record.

Upon referring to the decree entered in this Court, we find that the administrator was directed to pay, not the attorneys of the judgment creditor, but the creditor herself. Had this payment to the attorneys been made by the public administrator himself, under that decree, I would have held the payment not to be good. But the law of 1866 has stepped in and directed another official, over whose acts the Surrogate has no jurisdiction in this matter, to wit, the Comptroller of the city, to perform the administrator's duty in making payments; and the Comptroller has paid the attorneys.

I have no power to compel the payment of this money to the petitioner, either by the Comptroller or by her attorneys, and must leave her to her remedy in the Courts of Law.